# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CENTURY ALUMINUM OF WEST VIRGINIA, INC.,**
**Employer Below, Petitioner**

**FILED**
November 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0246** (BOR Appeal No. 2046392)
　　　　　　　　(Claim No. 2010137544)

**HARVEY EALY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Century Aluminum of West Virginia, Inc., by T. Jonathan Cook, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated January 24, 2012, in which the Board reversed an August 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 14, 2010 decision denying Mr. Ealy's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ealy allegedly suffered exposure to the hazards of occupational pneumoconiosis while working as a plant worker for Century Aluminum of West Virginia, Inc. The claims administrator denied Mr. Ealy's application for workers' compensation benefits. On July 17, 1997, the Occupational Pneumoconiosis Board concluded that it could not make a diagnosis of occupational pneumoconiosis. On March 30, 2010, Dr. Ahmed concluded that the chest x-rays dated March 18, 2010, revealed simple pneumoconiosis. On May 31, 2011, Dr. Wheeler concluded that there was no pneumoconiosis or benign asbestos related pleural plaques revealed on Mr. Ealy's chest x-rays.

1

The Office of Judges affirmed the claims administrator's decision, and held that Mr. Ealy was not entitled to an evaluation by the Occupational Pneumoconiosis Board because he has not suffered any additional occupational exposure since the prior claim's date of last exposure. The Board of Review reversed the Office of Judges's Order, and held the claim compensable on a non-medical basis. It further ordered the claim be remanded to the claims administrator with instructions to issue a protestable order determining whether or not Mr. Ealy is entitled to the benefit of the presumption as set forth in West Virginia Code § 23-4-8c(b) (2009) and refer the claim to the Occupational Pneumoconiosis Board. On appeal, Century Aluminum of West Virginia, Inc. disagrees and asserts that the Board of Review erred in finding that Dr. Ahmed's reading of the x-rays established that Mr. Ealy had occupational pneumoconiosis, and that it did not properly weigh Dr. Wheeler's reading of the x-rays under West Virginia Code § 23-4-1g (2003). It further argues that Mr. Ealy needed additional exposure to proceed with a new occupational pneumoconiosis claim, and that the Board of Review exceeded its jurisdiction by making a finding of fact that Mr. Ealy had pneumoconiosis.

The Board of Review concluded that because occupational pneumoconiosis is a progressive disorder the fact that Mr. Ealy did not have any additional exposure since the prior claim is not a sufficient basis on its own to reject a claim for occupational pneumoconiosis. This claim was previously denied by the Occupational Pneumoconiosis Board. However, since that ruling Dr. Ahmed concluded that Mr. Ealy had impressions of simple pneumoconiosis, right pleural thickening, left pleural thickening, and atherosclerotic aorta based on his reading of the x-rays dated March 18, 2010. The Board of Review noted that Dr. Wheeler read the same x-rays and did not find the presence of pneumoconiosis. However, it concluded that since Mr. Ealy received a new diagnosis of pneumoconiosis based upon the March 18, 2010, x-rays as read by Dr. Ahmed, Mr. Ealy is entitled to pursue a new claim. Ultimately, the Board of Review held the claim compensable on a non-medical basis and be remanded to the claims administrator with instructions to issue a protestable order determining whether or not Mr. Ealy is entitled to the benefit of the presumption as set forth in West Virginia Code § 23-4-8c(b) (2009), and to refer the claim to the Occupational Pneumoconiosis Board. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 18, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin